BARRY R. FEERST & ASSOCIATES (BRF3836)
194 South 8th Street
Brooklyn, NY 11211
t(718) 384-9111
f(718) 384-5999

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
In re:

                               Chapter 7

                               Case No.: 16-43728-nhl

CNG GOODS LLC,

                     Debtor.
----------------------------------X

### DECLARATION IN RESPONSE TO DEBTOR'S MOTION TO DISMISS

    BARRY R. FEERST declares the following pursuant to 28 U.S.C. §1746:

    1. I am a Pro Se Creditor and I make and submit this declaration in opposition to Debtor's order to show cause. The other Creditors, have agreed with the position stated herein.

    2. Firstly, Petitioner served Debtor within the time allowed for service. Pursuant to FRBR 7004 (j) Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

    3. In this case, the affidavit of service, attached at Exhibit

"1", indicates that the debtor was properly served with the involuntary petition  on September 1, 2016.

4. Notwithstanding the fact that Debtor does not properly specify under which provision of the FRCP 12 it is asking this court to dismiss the petition, Debtor's motion to Dismiss and the other relief it seeks is improper and must be denied.

5. The issue of whether an involuntary petition should be dismissed for failure to state a claim is a question of law. Assoc. of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). In Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007), the Supreme Court clarified the standard that a complaint must meet to survive a challenge under rule 12(b)(6). The standard is equally applicable to an involuntary petition because it is the document by which an involuntary bankruptcy case is commenced, just as a complaint commences a lawsuit in district court. Under Twombly, "[f]actual allegations contained in a[n] [involuntary petition] must 'raise a right to relief above the speculative level.'" Bassett v. Nat'l Collegiate Athletic Assoc., 528 F.3d 426, 430 (6th Cir. 2008) (quoting Twombly, 127 S.Ct. at 1965). "Twombly does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 127 S.Ct. at 1974).

6. Under a Rule 12(b)(6) review, the involuntary petition is construed in the light most favorable to the petitioning creditors, their allegations are accepted as true, and all reasonable

inferences are drawn in their favor. <u>Id</u>. (citing <u>Directv, Inc. v.</u>
<u>Treesh</u>, 487 F.3d 471, 476 (6th Cir. 2007)).

7. Bankruptcy code § 303(b) provides that an involuntary case
may be commenced against a person by three or more creditors whose
claims aggregate at least $13,475.00 more than the value of any
lien on the debtor's property securing the claims and whose claims
are not contingent as to liability or subject to a bona fide
dispute as to liability or amount. 11 U.S.C. § 303(b)(1). If the
petition is challenged, involuntary relief shall be granted if the
debtor is generally not paying his debts (other than debts subject
to a bona fide dispute as to liability or amount) as they become
due. 11 U.S.C. § 303(h)(1).

8. In this case, the involuntary petition alleges that: (1)
the petitioning creditors are eligible to file the petition under
11 U.S.C. § 303(b); (2) CNG FOODS LLC is a Corporation against whom
involuntary relief may be entered; and (3) CNG FOODS LLC is not
generally paying it's debts as they become due except to the extent
such debts are subject to a bona fide dispute as to liability or
amount.

9. The Petition also states the nature of each of the four
petitioning creditors claims and that their claims aggregate
$128,624.00. These allegations are plausible on their face and
clearly state a claim for involuntary relief under the bankruptcy
code.

10. Rather than filing an Answer to the Petition, Debtor

makes factual arguments as to the validity of the debts, which are not appropriate for resolution on a motion to dismiss. Therefore, as earlier stated, Debtor's motion seeking dismissal of the involuntary petition must be denied.

11. Moreover, Debtor's motion requests additional relief, including costs and damages based on its assertion that the involuntary petition is a frivolous pleading. However, 11 U.S.C. § 303(i), provides for a judgment including costs, attorney fees and damages in favor of the Debtor and against the petitioning creditors only if the court dismisses the involuntary petition. Since this court has not dismissed the involuntary petition, the relief debtor seeks must also be denied as premature and the Creditors reserve the right to seek the appropriate sanction for the making of an ill advised Motion.

Wherefore, it is requested that the Motion be denied.


_____/s_____
BARRY R. FEERST




Dated: Brooklyn, New York
       November 15, 2016