M. David Graubard, Esq.
Attorney for CNG Foods LLC, Alleged Debtor
71-18 Main Street
Flushing, NY 11367
(212) 681-1436

Reutrn Date: 11/17/16 at 11:00 a.m.

UNITED STATES BANKRUPCTY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re

CNG FOODS LLC,

                        Debtor.
-----------------------------------------------------------------x

Chapter 11
Case No. 16-43278

REPLY CERTIFICATION IN SUPPORT OF
MOTION TO DISMISS INVOLUNTARY PETITION
AND FOR SANCTIONS

    M. David Graubard, an attorney admitted to practice in the Eastern District of New York, hereby certifies the following to be true under the penalties of perjury:

    1.    Affirmant is counsel for the alleged debtor in this case and makes this Certification in response to the Declaration of Barry R. Feerst ("Feerst Declaration") in response to the Debtor's Motion to Dismiss ("Motion"). The Feerst Declaration refers to and Order to Show Cause—which is the Court's own motion scheduled for the same date and time as the Motion.

    2.    Affirmant's information is based upon a review of the Debtor's records, the court files in the Supreme Court, Kings County, the files of the Bankruptcy Court and conversations with the Debtor's principal Deena Zaitschek.

    3.    The Feerst Declaration says that he is a <u>pro se</u> creditor and is making the declaration on behalf of the other petitioning creditors as well. Firstly, there is no written authorization from any of the petitioning creditors so the Feerst Declaration is soley his own submission.

1

4. At the outset, it must be noted that the response date set forth in the Motion was November 3, 2016. The Feerst Declaration was filed one day before the return date on November 16, 2016, so for that reason it should be disregarded by this Court. The Motion was filed on September 16, 2016, so a response filed one day before the return date is baseless.

5. The exhibit attached to the Feerst Declaration is an affidavit of service, which alleges that the involuntary petition was served on September 1, 2016. This is an admission against interest because under F.R.B.P. Rule 7004(e) made applicable by F.R.B.P. 1010, the petitioning creditors had seven days from the filing of the involuntary petition to serve the involuntary petition with the involuntary summons. Since that time expired on August 4, 2016 and no supplemental involuntary summons was issued, the alleged service on September 1, 2016 is a nullity.

6. It is interesting to note that Mr. Feerst appears in the action as both a petitioning creditor and as counsel for the other petitioning creditors. Yet, his Declaration is not as counsel for the creditors but only as a <u>pro se</u> creditor with whom the other petitioning creditors "have agreed." (Feerst Declaration, par. 1). Nowhere does Mr. Feerst deal with the issue raised in the Motion (Par.23 thereof) that he appeared in the state court <u>as counsel for the debtor</u> and the conflict created thereby.

7. The Feerst Declaration mistakenly likens the Motion to a motion under F.R.Civ.P. 12(b)(6) which is "failure to state a claim upon which relief can be granted." However, this is totally misplaced, since the Motion is specific to the requirements of an involuntary petition. The Motion attacks the very essence of the criteria underlying the success of an involuntary petition, i.e., the claims of the petitioning creditors are subject

to a bona fide dispute and the Debtor is paying its just debts in the ordinary course of business. Therefore, the test alleged in paragraph 6 of the Feerst Declaration that the facts have to be construed in a light most favorable to the petitioning creditors andd their allegations accepted as true, does not apply to the Motion.

8.  The case law cited by the Feerst Declaration does not concern an involuntary petition filed in a bankruptcy case. Those cases dealt strictly Rule 12(b)(6) motions which are wholly different from the test of an involuntary petition pursuant to Section 303 of the Bankruptcy Code.

9.  What is significantly **absent** from the Feerst Declaration is any discussion whatsoever of the specific factual allegations made in the Motion by Deena Zaitschek with respect to the events in the state court litigation; the specific facts shown in the bona fide dispute to each of the four claims of the petitioning creditors; and the clear argument set forth in the claim for sanctions (Motion, paragraphs 28 through 36).

10. In fact, the Feerst Declaration and the exhibit annexed thereto do nothing more than actually lend more "fuel to the fire" in that they actually give credence to the Motion.

WHEREFORE, Affirmant respectfully requests that this Court grant the Motion made by the Debtor in all respects, together with any and all relief as may appear just

and proper to this Court.

Dated:     Flushing, New York
               November 16, 2016

                                    M. DAVID GRAUBARD, ESQ.
                                    Attorney for Alleged Debtor

                              By: _____
                                  M. David Graubard (MDG 5442)
                                  Attorney for Alleged Debtor
                                  71-18 Main Street
                                  Flushing, NY  11367
                                  (212) 681-1436
                                  dgraubard@keragraubard.com

To:     BARRY R. FEERST & ASSOCIATES
           Counsel for Petitioning Creditors and
            Petitioning Creditor
           194 South 8th Street
           Brooklyn, NY  11211
           (718) 384-9111

           OFFICE OF U. S. TRUSTEE
           201 Varick Street, Room 1006
           New York, NY  10004