BARRY R. FEERST & ASSOCIATES (BRF3836)
194 South 8th Street
Brooklyn, NY 11211
t(718) 384-9111
f(718) 384-5999

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
In re:

                                 Chapter 7

                                 Case No.: 16-43728

CNG GOODS LLC,

                          Debtor.
-----------------------------------X

## **DECLARATION IN RESPONSE TO DEBTOR'S SUPPLEMENTAL CERTIFICATION**

    BARRY R. FEERST declares the following pursuant to 28 U.S.C. §1746:

    1. I am a Pro Se Creditor and I make and submit this declaration in opposition to Debtor's sanctionable supplemental certification filed on December 9, 2016.

    2. Said document is not only legally flawed but is also misleading and disingenuous.

    3. Debtor makes this motion to dismiss the involuntary petition and for sanctions based upon his belief that said petition was filed in bad faith as an effort to avoid a hearing on contempt that was scheduled in the State court.

    4. At the last hearing, this court noted that the State court action is not stayed and authorized all parties to continue the State Court action.

    5. On November 30, 2016, the scheduled date of the State Court

hearing, the petitioning creditors appeared and were ready to oppose the contempt claims that were filed by the Debtor in the State Court action. The matter was adjourned because **the Debtor was not ready to proceed**. Nine days later, on December 9, 2016, the Debtor filed its Supplemental Certification.

7. Debtor's Supplemental Certification makes no mention of what occurred in the State Court action and the omission is yet another effort to evade and avoid the facts and perpetrate the deceit.

8. The fact that the **Debtor was not ready** to proceed on the hearing on contempt in the State Court action whereas the petitioning creditors were, destroys Debtor's baseless allegation that the Involuntary Petition was filed in bad faith as a way to avoid the State court action.

9. It is also patently clear that Debtor's supplemental certification in support of his motion for the relief it seeks lacks any legal foundation.

10. It is rudimentary that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, (1987).

11. If more than 120 days have elapsed since the commencement of an action without effective service of process, Rule 4(m) of the Federal Rules of Civil Procedure directs the Court to dismiss the adversary proceeding without prejudice unless the Court extends the

time for service. Savage & Assocs., P.C. v 1201 Owner Corp. (In re Teligent, Inc.), 485 BR 62, [70 Bankr SDNY 2013].

12. In In re Teligent, Inc., the court vacated a default judgment entered against a number of defendants after it found that the defendants were not properly served with process. In re Teligent, Inc. 485 BR 62. After finding that service of process was insufficient against the defendants, the court decided that the judgment was void since the court that rendered it lacked jurisdiction of the subject matter because service of process was insufficient. Id.

13. Here, because the Debtor was not served with a Summons before the 120 days expired, the Court has no choice but to dismiss the involuntary petition. The fact that counselor for Debtor is asking this court to sanction the petitioning creditors when he knows that this court lacks jurisdiction to do so is baffling and sanctionable. Instead of the case simply being dismissed, now the petitioning creditors have expended resources and time opposing this frivolous motion.

14. It is requested that the Debtor's motion be denied and be sanctioned for the filing of this frivolous and costly motion.

WHEREFORE, it is requested that the Debtor's motion be denied.

                                                                      ____/s_____  
                                                                           BARRY R. FEERST

Dated: Brooklyn, New York  
       January 6, 2017