M. David Graubard, Esq.
Attorney for CNG Foods LLC, Alleged Debtor
71-18 Main Street
Flushing, NY 11367
(212) 681-1436

UNITED STATES BANKRUPCTY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re

CNG FOODS LLC,

                 Debtor.
-----------------------------------------------------------x

Chapter 11
Case No. 16-43278

## SUPPLEMENTAL REPLY CERTIFICATION IN SUPPORT OF MOTION TO DISMISS AND FOR SANCTIONS

M. David Graubard, an attorney admitted to practice in the Eastern District of New York, hereby declares the following to be true under the penalties of perjury:

1. Affirmant is counsel for the alleged debtor CNG Foods LLC ("CNG") and makes this Certification based upon his own personal knowledge and the records of the Bankruptcy Court and the State Court, Kings County.

2. The Response to the Debtor's Supplemental Certification made by Barry R. Feerst dated January 6, 2017 ("Feerst Supplemental Certification") presents some problems. Mr. Feerst has appeared as counsel for the petitioning creditors as well as being one of the petitioning creditors himself. In the first sentence of the Feerst Supplemental Certification he presents himself as a pro se creditor, but does not state whether he is making the submission on behalf of the other petitioning creditors as well.

3. If indeed he no longer represents the other petitioning creditors, he should make a motion before the Court to be relieved as counsel.

1

4. Mr. Feerst spent significant time on claiming that the debtor was not ready to proceed in the state court on November 30, 2016. This is nothing but a "red herring." It is completely irrelevant to the underlying motion, which is based upon the improper filing of the involuntary petition as a litigation tactic to avoid the contempt hearing that was set forth the following day in the state court.

5. In order to set the record straight, the state court directed the defendant Deena Zaitschek to serve a supplemental affidavit detailing all the outstanding items requested in her original contempt motion and in the subsequent interim orders entered by the state court. The Court further directed that the supplemental affidavit be served by counsel for Deena Zaitschek upon the petitioning creditors on or before December 31, 2016. This was accomplished and the Court gave the petitioning creditors a change to respond by January 31, 2017. The Court then set the actual hearing on the contempt for February 9, 2017 at 10:00 a.m. This is all embodied in an order by Judge Ash dated November 30, 2016, a copy of which is annexed hereto as Exhibit A.

6. Moreover, November 30, 2016 was a regular calendar day before Justice Ash. Affirmant was in Supreme Court, Kings County on that day on another matter. After Affirmant's other court matter concluded, Affirmant went to Justice Ash's Part and a regular calendar was being held on that day. There was no full hearing scheduled for November 30, 2016 so the argument by Mr. Feerst that the debtor was not ready is without foundation.

7. Feerst's Supplemental Certification makes a further red herring argument that this Court does not have jurisdiction over the petitioning creditors and over the involuntary petition because, as Mr. Feerst admits in paragraph 13 thereof: "Here,

because the <u>Debtor was not served with a Summons before the 120 days expired</u>, the court has no choice but to dismiss the involuntary petition." (emphasis added)

8. This certainly is an acknowledgment and admission that neither the original summons nor the supplemental summons that Mr. Feerst obtained on November 18, 2016 (Docket No. 12) was never served.

9. Nevertheless, this is Mr. Feerst's back door argument that this Court cannot entertain the sanctions portion of the underlying motion because the Court lacks jurisdiction. This is a pure fallacy, as this Court complete jurisdiction over both the involuntary petition and the petitioning creditors based on the mere fact that the involuntary petition was actually filed. To argue otherwise is mere gibberish.

10. This statement also is tantamount to an acknowledgment and admission that the alleged debtor made the Motion to Dismiss the Involuntary Petition and for Sanctions based upon the bad faith filing of the involuntary petition as an effort by the petitioning creditors to avoid a hearing on contempt that was scheduled in the state court.

11. The failure of Mr. Feerst to actually serve the supplemental service summons that he obtained from the Court is more proof of his pattern of obtaining court documents and not serving them for his own purpose. His "purpose" here was to buttress his argument that the Court no longer has jurisdiction over the underlying motion. As this Court well knows, such an argument is totally fallacious.

WHEREFORE, the underlying motion which seeks dismissal of the involuntary petition, together with a hearing on the sanctions portion of the underlying motion, should be granted.

Dated:    New York, New York
          January 16, 2017

_____
M. DAVID GRAUBARD, ESQ. (MDG 5442)
Attorneys for Alleged Debtor
71-18 Main Street
Flushing, NY 11367
(212) 681-1436

Exhibit "A"

**Interim Order**

At an I.A.S. Trial Term, Part Comm-11 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 30 day of November 2016

P R E S E N T :
Hon. _____ASH_____
                    Justice

_____CNG FOODS LLC._____
                          Plaintiff(s)

Cal. No. 10
Index No. 3322/16

- against -

_____DEENA ZAITSCHEK_____
                          Defendant(s)

| The following papers numbered 1 to     read on this motion | Papers Numbered |
|---|---|
| Notice of Motion - Order to Show Cause and Affidavits (Affirmations) Annexed | |
| Answering Affidavit (Affirmation) | |
| Reply Affidavit (Affirmation) | |
| _____ Affidavit (Affirmation) | |
| Pleadings - Exhibits | |
| Stipulations - Minutes | |
| Filed Papers | |

① Defendant Deena Zaitschek to serve supplemental Affidavit detailing and containing all remaining outstanding items requested and demanded in her Contempt Motion conferred on May 18, 2016, subsequent interim order dated September 21st, 2016, and prior order dated April 27, 2016.

② Supplemental Affidavit to be served on Attorney for David Zaitschek - Two Jakubowicz or atty for Adam Kay and Isaac Shteierman - Barry Feerst and Ari Stern on or before 12/31/16. Contempt hearing to be held thereafter on 2/9/17 Response by 1/31/17. at 10:00 a.m.

For Clerks use only
MG ___
MD ___
Motion Seq. #
_____

E N T E R
[signature]
J.S.C.
HON. SYLVIA G. ASH, JSC

EJV-rev 11-04

EXHIBIT A

M. David Graubard, Esq.
Attorney for CNG Foods LLC, Alleged Debtor
71-18 Main Street
Flushing, NY 11367
(212) 681-1436

UNITED STATES BANKRUPCTY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re

CNG FOODS LLC,

                         Debtor.
---------------------------------------------------------------x

Chapter 11
Case No. 16-43278

## CERTIFICATION OF SERVICE

M. David Graubard, hereby certifies under the penalty of perjury that on January 16, 2017 he served a copy of the Supplemental Reply Certification in this matter on Barry Feerst, Esq., counsel for the petitioning creditors and one of the petitioning creditors himself by e-mail at the following address:

barry@brfesq.com

Dated:    Flushing, New York
            January  16 , 2017

                                       M. DAVID GRAUBARD, ESQ.
                                       Attorney for Alleged Debtor

By: _____
      M. David Graubard (MDG 5442)
      71-18 Main Street
      Flushing, NY  11367
      (212) 681-1436
      dgraubard@keragraubard.com