M. David Graubard, Esq.  
Attorney for CNG Foods LLC, Alleged Debtor  
71-18 Main Street  
Flushing, NY 11367  
(212) 681-1436

Return Date: 3/30/17 at 2:00 p.m.

UNITED STATES BANKRUPCTY COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------x  
In re

CNG FOODS LLC,

Chapter 11  
Case No. 16-43278

Debtor.  
------------------------------------------------------------x

## AFFIRMATION OF LEGAL SERVICES AND EXPENSES

M. David Graubard, an attorney admitted to practice in the Eastern District of New York, hereby certifies the following to be true under the penalties of perjury:

1. Affirmant practices law under the name of M. David Graubard, Esq., with an office located at 71-18 Main Street, Flushing, NY 11367. Affirmant has been engaged in the practice of law with a concentration on bankruptcy and Chapter 11 related work for over 45 years.

2. On July 28, 2016, Affirmant was contacted by an attorney named Nussin Fogel, the uncle of Deena Zaitschek, the principal of the alleged debtor, with regard to an involuntary petition in bankruptcy that had been filed against CNG Foods LLC ("CNG").

3. Thereafter, Affirmant obtained documents from Mr. Fogel and from Ms. Zaitschek and had numerous conversations with both Mr. Fogel and Ms. Zaitschek in order to obtain the facts that were necessary to determine the non-validity of the involuntary petition.

4. Affirmant reviewed the various motions, proposed orders to show cause, affidavits and exhibits with regard to the state court case entitled "CNG Foods LLC v. Deena Zaitschek" pending in the Supreme Court of the State of New York, County of Kings, index number 3322/16.

5. After Affirmant reviewed the documents filed in the Supreme Court of Kings County, Affirmant was of the view that the involuntary petition had been filed in bad faith and that a motion should be made to dismiss the involuntary petition and both to seek sanctions against the petitioning creditors and their counsel Barry Feerst, Esq. Mr. Feerst appeared as counsel for the petitioning creditors as well as having been one of the petitioning creditors himself. Interestingly enough, he also represented CNG in the state court <u>as plaintiff</u>.

6. After several weeks of legal research, review of documents and conversations with personnel of CNG, Affirmant prepared the Motion to Dismiss Involuntary Petition and for Sanctions ("Motion") which was returnable for the first time before this Court on November 17, 2016.

7. In response thereto, Affirmant was served with a response by Mr. Feerst. After review of that response and further consultation with Mr. Fogel, Ms. Zaitschek and Jason Shanbaum, Esq., state court counsel for Ms. Zaitschek, as the defendant in the state court case, Affirmant prepared and filed a reply in support of the Motion.

8. On November 17, 2016, Affirmant appeared before this Court in support of the Motion to Dismiss. One of the arguments made in the Motion was that the petitioning creditors had failed to serve the involuntary petition and the summons. Mr. Feerst claimed that the 120 day period to do so (which was really not applicable) had

not yet expired. This Court indicated that a supplemental summons could be issued and then served. While the supplemental summons indeed was prepared by the Clerk, the petitioning creditors never actually served it.

9. In fact, the petitioning creditors argued that this Court did not have jurisdiction because the involuntary petition had never been properly served. Of course this was an absurd argument, but was the "back door" approach of Mr. Feerst and the petitioning creditors in their attempt to avoid the sanction portion of the Motion.

10. As a result of Mr. Feerst's non-action, Affirmant prepared a Supplemental Reply to which Mr. Feerst submitted a Supplemental Response. His argument was that the Court lost jurisdiction as set forth in paragraph 9 hereof. Affirmant argued that this Court never lost jurisdiction because once the involuntary was filed, that was sufficient jurisdiction over all the parties to entertain any type of motion, even if the involuntary petition had never been properly served.

11. The matter had been adjourned to January 18, 2017 at which time Affirmant had appeared and argued on behalf of the Motion. The Court indicated to Mr. Feerst's associate who was present in Court on that day, the Court (of course) had jurisdiction over the participants in the involuntary petition, based on the involuntary petition itself.

12. It became clear to this Court that the petitioning creditors filed the petition as a litigation tactic to avoid the contempt hearing that was scheduled the following day in the state court. The petition was filed on July 26, 2016 while the contempt motion was set down for a hearing for July 27, 2016. This is one of those litigation tactics that the case law refuses to recognize as a <u>bona fide</u> legal maneuver.

13. Accordingly, the Court saw through the "smoke screen" put up by the petitioning creditors and their counsel, and has set down that the sanctions portion of the Motion for a hearing to be held on March 30, 2017 at 2:00 p.m. Further, this Court directed that any supplemental affidavit regarding legal fees and expenses be submitted by February 15, 2017.

14. As of the date hereof, Affirmant has expended 35.3 hours from the inception of this case through the preparation of this Affirmation of Services. At Affirmant's hourly rate of $400, that calculates to $14,120. Copies of Affirmant's time sheets are annexed hereto as Exhibit A. In addition, Affirmant has incurred out-of-pocket expenses in the sum of $63, as more fully set forth on Exhibit B annexed hereto.

15. Mr. Shanbaum is counsel for Deena in the state court and while the alleged debtor is the plaintiff therein, it is really the petitioning creditors who are the de facto plaintiffs while the interests of the alleged debtor are aligned with Deena in the state court. Accordingly, the time spent by Mr. Shanbaum in the state court that is attributable to all the extra services occasioned by the filing of the involuntary petition are set forth on the invoice annexed hereto as Exhibit C. Each time entry has a description of the work performed, the dates involved and the time and value of each service. These services total $8,587.50 and are additional damages to the alleged debtor, created solely as a result of the involuntary petition.

16. Accordingly, as of the date of this Affirmation, the total due as costs and expenses to the alleged debtor for the wrongful filing of the involuntary petition total legal fees in the sum of $22,707.50, with disbursements in the sum of $63. This is without prejudice to supplementing the request for additional services through the trial,

which is presently scheduled for March 30, 2017. It is anticipated that witness preparation, legal research and general trial preparation will increase the damages to the alleged debtor, which will be asserted against the petitioning creditors and their counsel.

Dated:  Flushing, New York
        February 15, 2017

                                    M. DAVID GRAUBARD, ESQ.
                                    Attorney for CNG Foods LLC,
                                    Alleged Debtor

                            By: _____
                                    M. David Graubard, Esq. (MDG 5442)
                                    71-18 Main Street
                                    Flushing, NY 11367
                                    (212) 681-1436