BARRY R. FEERST & ASSOCIATES (BRF3836)
194 South 8th Street
Brooklyn, NY 11211
t(718) 384-9111
f(718) 384-5999

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
In re:
                                                        Chapter 7

                                                        Case No.: 16-43728
CNG GOODS LLC,

                                                  Debtor.
-----------------------------------X

**DECLARATION IN RESPONSE TO DEBTOR'S MOTION FOR DISCOVERY SANCTIONS**

    BARRY R. FEERST declares the following pursuant to 28 U.S.C. §1746:

1. I am a Pro Se Creditor and I make and submit this declaration in opposition to Debtor's motion.

2. Debtor's motion for Discovery sanctions is completely without merit and this court should award fees to the undersigned for having to address this frivolous motion.

3. At the outset, it must be noted that this Court never ordered discovery nor did the court make a contested matter scheduling order in the instant evidentiary hearing. At the beginning of the hearing on March 30, 2017, before this Court recessed the instant evidentiary hearing, Counsel for Debtor was apprised of this reality, yet he decided to go forward.

> "THE COURT: So this has been listed as an evidentiary hearing which is not, which ordinarily doesn't -- doesn't – was there any discovery here?

MR. GRAUBARD: Yes.

THE COURT: Since we were here last?

MR. GRAUBARD: Yes, Your Honor, we did some discovery and that's one of the things I want to raise at the beginning. We served a notice to produce on the attorney for the petitioning creditors for documents and we received no response. I followed up with two e-mails, received nothing.

THE COURT: All right. So I guess the question is, is today the day for the evidentiary hearing or shall I do a contested matter scheduling order on the --

MR. GRAUBARD: We --

THE COURT: Because without that I didn't order discovery.

MR. GRAUBARD: Well, Your Honor, we're ready to go forward today and I can --

THE COURT: Okay.

MR. GRAUBARD: -- I can deal with the issue of if they try to use documents with what should be done with that.

MR. FEERST: May I respond, Judge?

THE COURT: Well just one at a time. Okay. Because I don't have, just so you understand, normally when we're having an evidentiary hearing I have a witness list, I have a list of documents that intend to be introduced or at least identified. I have six copies, one, one, and a witness list and one, one, one here of document books.

So I don't have any of that because of the way this

developed. So I guess what I'm asking you is, is that do I need those things?

MR. GRAUBARD: Your Honor, it's up to you. I have documents, I have you know one witness.

THE COURT: How many -- but how many documents do you have? How many sets?

MR. GRAUBARD: I have three sets.

THE COURT: Okay, that takes care of you all down there. Three sets besides your own?

MR. GRAUBARD: Yes.

THE COURT: Okay, so you only have one set for the three of us, is that right?

MR. GRAUBARD: I don't have six sets. I have three. "

*Transcript of hearing dated March 30, 2017 pages 4-5, attached as Exhibit "1".*

4. Despite knowing that the court did not discuss discovery in the Order, counsel for Debtor decided to go forward.

"THE COURT: Okay, so you are -- I ordered an evidentiary hearing, we didn't discuss discovery in my order --you're prepared to go forward?

MR. GRAUBARD: Yes."

*Transcript of hearing dated March 30, 2017 at page 14, attached as Exhibit "2".*

5. The instant motion filed by Debtor asking this Court for sanctions for failing to comply with discovery demands is

completely unacceptable.

6. The courts order for an evidentiary hearing on sanctions did not include any discussion regarding discovery. In fact this court noted that, "I ordered an evidentiary hearing, we didn't discuss discovery in my order-you're prepared to go forward? Debtor's answer to this question was **"yes"**.

7. At the last hearing, the Court asked debtor's counsel if he would like the court to do a contested matter schedule. Debtor's Counsel did not ask the court to create such a schedule.

8. Moreover, before the hearing was recessed the Court asked "Is there any other—do I have another housekeeping before I send you away? And counsel for debtor responded "I don't think so, Your honor". *Transcript of hearing dated March 30, 2017 at page 91, attached as Exhibit "3"*

9. As the above makes crystal clear, this Court never ordered discovery for the hearing and for Counsel to ask for discovery during a recess of the hearing is quite frankly unexplainable.

10. It is requested that the Debtor's motion be denied and Counsel be sanctioned for the filing of this frivolous and costly motion.

WHEREFORE, it is requested that the Debtor's motion be denied.

_____/s_____
BARRY R. FEERST

Dated: Brooklyn, New York
       May 4, 2017