M. David Graubard, Esq.  
Attorney for CNG Foods LLC, Alleged Debtor  
71-18 Main Street  
Flushing, NY 11367  
(212) 681-1436

Return Date: 5/16/17 at 10:30 a.m.

UNITED STATES BANKRUPCTY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x  
In re

CNG FOODS LLC,

Chapter 11  
Case No. 16-43278

Debtor.  
-----------------------------------------------------------x

REPLY CERTIFICATION IN SUPPORT OF  
MOTION FOR DISCOVERY SANCTIONS  
UNDER F.R.B.P. 7037

M. David Graubard, an attorney admitted to practice in the Eastern District of New York, hereby certifies the following to be true under the penalties of perjury:

1. Affirmant is the attorney for CNG Foods LLC, the alleged debtor in this case and makes this Reply Certification in support of Debtor's Motion for Discovery Sanctions (Document No. 31) ("Discovery Motion").

2. Barry R. Feerst, counsel for the petitioning creditors and one of the petitioning creditors himself, has submitted a Declaration in Response to Debtor's Motion for Discovery Sanctions (Document No. 31) ("Feerst Response").

3. The Feerst Response is grounded on one glaring erroneous argument: That discovery is available only if a bankruptcy judge enters an order directing discovery.

4. That argument is totally without foundation, as evidenced by F.R.B.P. 9014 which deals with contested matters. Subparagraph (c) thereof applies all the discovery rules of Part VII of the Bankruptcy Rules to a contested matter. Specifically,

1

Rules 7026 and 7028 through 7037, all of which deal with discovery, apply to a contested matter. Clearly, the underlying the alleged debtor's Motion to Dismiss the Involuntary Petition and for Sanctions ("Dismissal Motion"), to which Feerst interposed responsive papers in opposition, constitutes a "contested matter."

5. The case law is legion in this area. See: In re Bennett Funding Group, Inc., 203 B.R. 24 (NDNY 1996). In the Bennett case, the Court specifically stated as follows:

> "The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the *Fed.R.Bankr.P. 7026 et. seq.*, rather than by a *Fed.R.Bankr.P. 2004* examination." 203 B.R. at 28. (emphasis added)

In accord: 2435 Plainfield Ave. v. Township of Scotch Plains, 223 B.R. 440, 455-456 (D. N.J., 1998); In re Valley Forge Plaza Associates, 109 B.R. 669, 674 (Bankr. E.D. Pa., 1990); In re Mirant Corp., 326 B.R. 354, 356 (Bankr. N.D. Texas, 2005).

6. Paragraph 3 of the Feerst Response states:

> "that this Court never ordered discovery nor did the court [sic] make a contested matter scheduling order in the instant evidentiary hearing"

This argument pales in the face of the clear statements of the law as set forth in Bankruptcy Rule 9014(c) and the case law cited above.

7. It cannot be denied that discovery is an absolute right in a contested matter. The Notice for Production of Documents (Exhibit A to the Discovery Motion) was a very clear and straightforward request for a limited number of documents. It asks for (a) the retainer agreement that petitioning creditors had with Mr. Feerst; (b) the documents that underlie support or affected the claim of each of the four petitioning

creditors; and (c) any other written documents concerning the filing of the involuntary petition.

8. No motion to quash or for other relief with regard to the Notice for Production of Documents was ever interposed by Mr. Feerst or any of the petitioning creditors.

9. Accordingly, the statement by Mr. Feerst in his response at paragraph 6 that the "order for an evidentiary hearing on sanctions did not include any discussion regarding discovery" is not supported by the Bankruptcy Rules and the case law. Discovery is an absolute right once a contested matter is created through a motion and the interposition of opposing papers.

10. Mr. Feerst's mistake on discovery is compounded by his statement on the record at the hearing held on March 30, 201 and the Court's response thereto:

"MR. FEERST: On one issue, I will not take issue with any of that, Judge.

There's one thing I'd like to address, which is of concern. The alleged debtor did not request that this be framed or be handled as a contested matter. If it had been, there would be the ordinary vehicles for discovery. And I would get, and I would give. So the statement that he's conducted discovery by sending a letter, or something, a notice to produce in his office documents, is not within the ambit unless it's a contested matter. If it were, then the issues would arise on that very question.

THE COURT: Well, you opposed sanction. So that makes it a contested matter." Court Transcript 3/30/17, p. 8, a copy of which is annexed hereto as Exhibit D (emphasis added).

11. Accordingly, any claim made by Feerst that the Discovery Motion can be defended on the argument that discovery is not available because this is not a contested matter, is just plain wrong.

12. Thus, there is no basis for the opposition to the Discovery Motion, which should be granted in full.

Dated:    Flushing, New York
          May 8, 2017

                                        M. DAVID GRAUBARD, ESQ.
                                        Attorney for Alleged Debtor

                                        By: _____
                                        M. David Graubard (MDG 5442)
                                        Attorney for Alleged Debtor
                                        71-18 Main Street
                                        Flushing, NY 11367
                                        (212) 681-1436
                                        dgraubard@keragraubard.com

To:   BARRY R. FEERST & ASSOCIATES (by e-mail barry@brfesq.com)
      Counsel for Petitioning Creditors and
       Petitioning Creditor
      194 South 8th Street
      Brooklyn, NY 11211
      (718) 384-9111

Exhibit "D"

```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   EASTERN DISTRICT OF NEW YORK
 4   Case No. 16-43278-nhl- - - - - - - - - - - - - - - - - - - - -x
 5
 6   In the Matter of:
 7   CNG FOODS LLC,
 8           Debtor.
 9
10   - - - - - - - - - - - - - - - - - - - - -x
11
12              United States Bankruptcy Court
13              271-C Cadman Plaza East
14              Brooklyn, New York
15
16              March 30, 2017
17              3:07 PM
18
19
20
21   B E F O R E:
22   HON. NANCY HERSHEY LORD
23   U.S. BANKRUPTCY JUDGE
24
25
```

EXHIBIT D

1  the question of whether or not damages and sanctions should
2  apply. So primarily, throughout your papers, you kept just
3  repeating that you had three creditors, that they weren't in
4  bona fide of dispute, that the thing was filed in good faith.
5  You were -- there was a lot of repetition to that. But I
6  didn't -- just so you're clear, the burden is yours, not
7  theirs, on the existence of 303 requirements. Okay? Unlike
8  what you might see in a 12(b)(6).
9       He pointed this out in his papers, and he's right
10 about that. But then he's been doing bankruptcy a long time
11 and more recently, apparently, than you.
12      MR. FEERST: On one issue, I will not take issue with
13 any of that, Judge.
14      There's one thing I'd like to address, which is of
15 concern. The alleged debtor did not request that this be
16 framed or be handled as a contested matter. If it had been,
17 there would be the ordinary vehicles for discovery. And I
18 would get, and I would give. So the statement that he's
19 conducted discovery by sending a letter, or something, a notice
20 to produce in his office documents, is not within the ambit
21 unless it's a contested matter. If it were, then the issues
22 would arise on that very question.
23      THE COURT: Well, you opposed sanction. So that makes
24 it a contested matter. It's up to me whether I put in a
25 contested matter scheduling order and have discovery. I didn't

M. David Graubard, Esq.  
Attorney for CNG Foods LLC, Alleged Debtor  
71-18 Main Street  
Flushing, NY 11367  
(212) 681-1436

Return Date: 5/16/17 at 10:30 a.m.

UNITED STATES BANKRUPCTY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x  
In re

CNG FOODS LLC,

                Debtor.  
-----------------------------------------------------------x

Chapter 11  
Case No. 16-43278

### CERTIFICATION OF SERVICE

    M. David Graubard, an attorney admitted to practice in the Eastern District of New York, hereby certifies under the penalty of perjury that on May 8, 2017 he served a copy of the Reply Certification in Support of Motion for Discovery Sanctions Under F.R.B.P. 7037 in this matter on Barry Feerst, Esq., counsel for the petitioning creditors at his e-mail address on file with this Court:

                barry@brfesq.com

Dated:      Flushing, New York  
              May 8, 2017

                                    M. DAVID GRAUBARD, ESQ.  
                                    Attorney for Alleged Debtor

                          By:_____  
                                    M. David Graubard (MDG 5442)  
                                    71-18 Main Street  
                                    Flushing, NY 11367  
                                    (212) 681-1436  
                                    dgraubard@keragraubard.com