M. David Graubard, Esq.  Return Date: 12/7/17 @ 2:45 p.m.
Attorney for CNG Foods LLC, Alleged Debtor
71-18 Main Street
Flushing, NY 11367
(212) 681-1436

UNITED STATES BANKRUPCTY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re

CNG FOODS LLC, 

                                    Debtor.
-------------------------------------------------------------x

Chapter 11
Case No. 16-43278

### CERTIFICATION IN OPPOSITION TO ORDER TO SHOW CAUSE FOR LEAVE FROM ORDER DETERMINING ATTORNEY FOR PETITIONING CREDITORS

    M. David Graubard, an attorney admitted to practice in the Eastern District of New York, hereby certifies the following to be true under the penalties of perjury:

    1.    Affirmant is counsel for CNG Foods LLC, the alleged debtor herein, and makes this certification in opposition to the Order to Show Cause made at the request of Barry R. Feerst ("Feerst" and "Feerst Motion", respectively) that seeks correction of the docket sheet and a "revision" of the Court's order dated November 3, 2017, entitled Order to Compel with Discovery and to Determine Attorney of Record for Petitioning Creditors ("Order").

1

## FEERST IS ESTOPPED FROM QUESTIONING THE ORDER AND IS UNTIMELY UNDER BANKRUPTCY RULE 9023

2.  Firstly, on October 2, 2017, Affirmat made a motion was duly made that sought to compel Feerst to respond to a Notice to Produce at Trial, together with a determination that his law firm was the attorney for the petitioning creditors. ("Designation Motion").

3.  Feerst did not interpose any papers in opposition to the Motion. Feerst was personally in Court on October 23, 2017, the day that the Designation Motion was heard and did not argue against it. Accordingly, Feerst is estopped from claiming that his firm did not represent the petitioning creditors.

4.  In addition, the Feerst Motion made by the Order to Show Cause is untimely. Feerst's declaration dated November 15, 2017 in support of the Order to Show Cause ("Feerst Declaration") requests that there be a "revision" of the Designation Order (Feerst Declaration, par. 6).

5.  In the proposed Order to Show Cause attached to the Feerst Declarfation (Doc. No. 48), Feerst requests inconsistent relief. He asks that "under Bankruptcy Rule 9024" the Court grant "Reargument and Renewal of the Order of the Bankruptcy Court entered November 3, 2017 determining that Barry R. Feerst is the attorney for the petitioning creditors."

6.  While the Feerst Declaration has styled its relief as one under Bankruptcy Rule 9024, the "Reargument and Renewal" is really a request for a Motion to Alter or Amend a Judgment pursuant to Bankruptcy Rule 9023, which makes applicable

F.R.Civ.P. 59. In re: Investors Florida Aggressive Growth Fund Ltd., 168 B.R. 760, 768 (Bankr. N.D. Fla. 1994).

7.   The time limit for a motion under Bankruptcy Rule 9023 is fourteen days after entry of the judgment. Since the Designation Order was entered on November 3, 2017, the fourteen day period for a motion under Bankruptcy Rule 9023 expired on November 17, 2017. It is obvious that the Feerst Motion was filed on November 21, 2017. Under Bankruptcy Rule 9023, it is late and should be dismissed on that basis alone. In re Mohorne, 404 B.R. 571, 576 (Bankr. S.D. Fla. 2009; affd. Mohorne v. Beal Bank, 419 B.R. 488 (S.D. Fla., 2009).

### FEERST DOES NOT SATISFY ANY OF THE REQUIREMENTS UNDER BANKRUPTCY RULE 9024

8.   Bankruptcy Rule 9024 does not apply because the relief requested is to correct the docket sheet or revise the Designation Order. The Feerst Motion is not a request to correct a clerical mistake in the Designation Order. It is a request for two things: (a) a *substantive* change in the way that Feerst filed the involuntary petition, noting himself as t he attorney of record for the petitioning creditors and (b) a *substantive* change in the Designation Order.

9.   Bankruptcy Rule 9024 makes applicable F.R.Civ.P. Rule 60. This rule has a very high threshold for proof.

> "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked –matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2nd Cir., 1995).

This standard of proof has been quoted and followed by many cases in the Second Circuit. See: <u>Schlafman v. State University of New York,</u> 541 Fed. Appx. 91, 92 (2nd Cir., 2013); <u>Grohs v. Grohs</u>, 2017 U.S. Dist. LEXIS 184830; 2017 WL 5171845 (D.C. Conn., 2017).

10.     Subsection (a) of Federal Rule 60 concerns corrections based upon clerical mistakes, oversights or omissions.  This applies <u>only</u> to such a mistake arising from oversight or omission whenever one is found in a judgment or order.  Clearly, there was no <u>clerical</u> mistake in either the court docket sheet or the Designation Order.

(a) The docket sheet was based upon the method that Feerst commenced the involuntary petition through the electronic filing in which he designated himself as the attorney for the petitioning creditors.

(b) The Designation Order was based upon a motion duly made, which was unopposed at both the filing and hearing stages before this Court.

11.     Subsection (b) of Federal Rule 60 provides various grounds for relief from a final judgment, order or proceeding.  That rule provides as follows:

> "(b)    **Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relief a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1)    mistake, inadvertence, surprise, or excusable neglect;
> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)    the judgment is void;
> (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no londer equitable; or
> (6)    any other reason that justifies relief."

12. Feerst cannot satisfy <u>any</u> of the grounds set forth in Federal Rule 60(b). We will deal with each subsection seriatim.

(1) There is no mistake, inadvertence, surprise or excusable neglect that apply to the Designation Order. Feerst was given due notice of the Designation Motion. He chose not to interpose any objection and, in fact, was present on the day the hearing was held and did not object to the entry of the Order.

(2) There is no allegation of newly discovered evidence in the Feerst Motion.

(3) There is no allegation of fraud, misrepresentation, or misconduct by an opposing party with regard to the Feerst Motion.

(4) The Designation Order is not void.

(5) The Designation Order has not been satisfied, released or discharged; it is not based on any earlier order or judgment that was reversed or vacated; nor is there any prospective application that would not make the Designation Order equitable.

(6) This subsection states "any other reason that justifies relief." The Feerst Motion alleges as its basis that he only listed himself as the attorney for himself in the involuntary petition. However, that is not how he filed the involuntary petition. The fact that there is no listing for attorneys for the other three petitioning creditors just shows that they did not have any of their own counsel. It would not make sense, nor is it even possible, for four separate attorneys for file one involuntary petition. Accordingly, Feerst, as the <u>attorney who filed the involuntary petition</u>, cannot now deny that he was not the attorney for the petitioning creditors.

(a) In paragraph 5 of the Feerst Declaration, Feerst alleges that as a result of the "incorrect" designation on the docket sheet, the Court issued the Designation Order.

(b) Since the Feerst Declaration itself is based upon the <u>alleged mistake</u> made with regard to the docket sheet, there is no "other reason that justifies the relief" pursuant to subsection (6).

13. Subsection (6), known as the "catch all" category is reserved for "extraordinary circumstances" <u>Gonzales v. Crosby</u>, 545 U.S. 524, 535 (2005) and relief granted under this subsection is "extremely rare." <u>In re Guidant Corp. Implantable Defibrillators Products Liability Litigation</u>, 496 F.3d 863, 868 (8th Cir. 2007). This section is used very "sparingly." <u>Kramer v. Gates</u>, 481 F.3d 788, 791-92 (D.C. Cir., 2007). Therefore, subsection (6) is not available to give the relief requested in the Feerst Motion; and Rule 9024 is totally unavailable to support the Feerst Order to Show Cause.

## CONCLUSION

14. Accordingly, it is clear that Feerst is not entitled to any relief whatsoever under either Bankruptcy Rule 9023 or Rule 9024 with respect to the Court docket and the Designation Order.

(a) The Feerst Motion was filed more than fourteen days after the entry of the Order and therefore does not qualify under Bankruptcy Rule 9023.

(b) Nothing in the Feerst Motion evidences satisfaction of any of the requirements of either subsection (a) or subsection (b) of Bankruptcy Rule 9024.

WHEREFORE, Affirmant respectfully requests that this Court deny the Order to Show Cause commenced by Feerst, together with such other and further relief as may be proper.

Dated: Flushing, New York
December 3, 2017

M. David Graubard, Esq. (MDG 5442)
Attorney for CNG Foods, Alleged Debtor
71-18 Main Street
Flushing, NY 11367
(212) 681-1436

M. David Graubard, Esq.  
Attorney for CNG Foods LLC, Alleged Debtor  
71-18 Main Street  
Flushing, NY 11367  
(212) 681-1436

Return Date: 12/7/17 at 2:45 p.m.

UNITED STATES BANKRUPCTY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x  
In re  

CNG FOODS LLC,

Chapter 11  
Case No. 16-43278

                       Debtor.  
-----------------------------------------------------------x

## CERTIFICATION OF SERVICE

M. David Graubard, an attorney admitted to practice in the Eastern District of New York, hereby certifies under the penalty of perjury that on December 3, 2017 he served a copy of the Certification in Opposition to Order to Show Cause for Leave from Order Determining Attorney for Petitioning Creditors in this matter on the following by e-mail:

Barry Feerst, Esq., counsel for the petitioning creditors, at barry@brfesq.com

Yitzchok Kotkes, Esq., attorney for Barry Feerst, Esq. at yitzchok@brfest.com

U.S. Trustee at ustpregional02.BR.ECF@usdoj.gov

Dated:      Flushing, New York  
              December 3, 2017

M. DAVID GRAUBARD, ESQ.  
Attorney for Alleged Debtor

By: /s/ M. David Graubard  
M. David Graubard (MDG 5442)  
71-18 Main Street  
Flushing, NY 11367  
(212) 681-1436

1